MAKEPEACE, Administrator, and Another *v.* THE STATE on the relation of QUARLES, Executrix.

A cause had been two terms at issue, and at a third term an amendment was made to the answer, putting the defense on an entirely new ground, owing to which, on the application of the plaintiff, the Court below granted a continuance, and taxed the costs to the defendant. *Held,* that the Court might, in its discretion, grant the continuance, and that, under section 97, 2 R. S. p. 48, the costs were properly taxed.

APPEAL from the *Madison* Court of Common Pleas.

PERKINS, J.—Suit against the sureties of an administrator upon his bond. Divers breaches were assigned. The defendants answered at the *October* term, 1853. At the *January* term, 1854, the plaintiff filed a bill of particulars of the demand sued for, and the defendants answered as to that, by way of addition to their former answer. The plaintiff replied, putting the cause at issue, and, on the application of the defendants, it was continued to the next term.

At the *April* term, the defendants obtained leave to file an additional answer, alleging that the administrator, whose surety they were, had resigned his office as such, before any assets came to his hands, &c.; whereupon the plaintiff asked, upon proper affidavit, for a continuance to enable her to ascertain the fact, &c., which the Court granted at the cost of the party amending. In vacation following the plaintiff dismissed her suit. It is claimed that the Court erred in granting the continuance and taxing the costs to the defendants.

Where the Court below refuses a continuance, this Court will scrutinize the ground of the refusal more closely than where one is granted; for the reason that the granting leaves to the parties all their chances for a fair trial at a later day, while the refusal may not. In many courts, however, even the refusal of a continuance is matter of discretion and cannot be assigned for error. Our statute, 2 R. S., p. 48, s. 97, provides

that the party amending shall pay the costs of the amendment; and, where the amendment causes a continuance, the costs of that also. In this case, we cannot say that the Court abused its discretion in granting the continuance, and hence, it did not err in taxing the costs to the amending party who occasioned the continuance. The amendment put the defense upon entirely new ground, after it had stood two terms upon other ground, and it might take time to ascertain whether assets had come to the administrator's hands before his resignation.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Davis*, for the appellant.